UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAYLIN SANTANDER,

Plaintiff,

v.

TESLA GENERAL INSURANCE, INC.,

Defendant.

Case No. 2:25-cv-01214-RFB-EJY

**ORDER**

Pending before the Court are Defendant's Motion to Strike Plaintiff's First Supplemental Disclosure ("Motion to Strike") (ECF No. 14) and Plaintiff's Motion for Leave to Serve Responses to Defendant's First Set of Requests for Admissions Out of Time and to Withdraw Deemed Admissions ("Motion to Withdraw") (ECF No. 21). The Court reviewed the Motions, Responses and Replies. The Court notes that the issues presented by the parties could have been resolved without Court intervention through proactive, open dialogue and compromise. Nevertheless, with the goal of reaching a resolution on the merits, the Court finds as follows.

**I. Motion to Strike**

a. Background.

On August 19, 2025 Plaintiff served her Initial Disclosures. ECF No. 19-5. Relevant here, Plaintiff identified Dr. John DiMuro and Chiropractor Todd Waldron (sometimes "Waldron") as treating doctors and non-retained experts. *Id.* at 4, 9. Plaintiff included medical records from her February 14, 2025 visit to Dr. DiMuro, and her June 19, 2025 visit to Chiropractor Waldron. ECF No. 14 at 6. Plaintiff listed her total past medical expenses to be $93,588.00, future medical expenses to be $242,550.00, and "Other Special Damages," including lost wages and future lost earning capacity, as "TBD." ECF No. 19-5 at 13.

Discovery closed on March 4, 2026. ECF No. 8. Six days later, on March 10, 2026, Plaintiff supplemented her Initial Disclosures for the first time (Plaintiff's "Supplemental Disclosures"). ECF No. 14-2. Therein, Plaintiff identified her past medical expenses as $105,941.00 and future medical

expenses as $185,280.00. Plaintiff continued to report "Other Special Damages" as "TBD." *Id.* at 14. The Supplemental Disclosures identified Dr. Mark B. Kabins as a treating doctor and non-retained expert for the first time,[1] and included additional treatment records from Dr. DiMuro and Waldron. *Id*. at 9, 12. With respect to Dr. DiMuro, the newly disclosed records revealed Plaintiff visited him three times prior to and twice after the date of her Initial Disclosures. ECF No. 14 at 6-7 (summarizing, without citation to the record, the visits to Dr. DiMuro as taking place on May 16, 2025; June 12, 2025; August 11, 2025; October 17, 2025; and January 29, 2026). As to Waldon, the supplemented treatment records showed Plaintiff received treatment between July 22, 2025 and January 28, 2026. *Id*. at 10. Defendant avers it was left "completely in the dark" about these instances of medical treatment. *Id.* at 11.

b. Legal Standard.

*1. Fed. R. Civ. P. 26 Disclosures and Supplementation.*

Well settled law establishes that Federal Rule of Civil Procedure 26(a)(1)(A) requires all parties to a dispute to provide initial disclosures to the opposing parties without waiting for discovery requests. For parties claiming damages, the disclosures must include a computation of each category of damage claimed. Fed. R. Civ. P. 26(a)(1)(A)(iii). The purpose of the initial disclosure requirements includes putting parties on notice of the factual and legal contentions of the opposing party (*Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 862-62 (9th Cir. 2014)), as well as accelerating the exchange of information and assisting parties in focusing and prioritizing their organization of discovery. *R&R Sails, Inc. v. Insurance Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012). Courts must enforce these disclosure requirements but must do so using "common sense" keeping in mind the purpose the Rules are intended to accomplish. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 592 (D. Nev. 2011).

Rule 26(e)(1) requires parties making initial disclosures to supplement or correct disclosures in a timely manner "if the party learns that in some material respect the disclosure or response is

---

[1] Plaintiff submits that her August 19, 2025 "Initial Disclosures identified the relevant treating providers, "including DiMuro and related providers" and that her "supplemental disclosure *did not* introduce new providers." ECF No. 18 at 3-4 (emphasis added). The Court finds that representation is inaccurate. Plaintiff provides no evidence that she identified Dr. Kabins as a treating physician prior to the March 10, 2026 Supplemental Disclosures. She also offers nothing suggesting Defendant should have known Dr. Kabins was a provider "related to" Dr. DiMuro.

incomplete or incorrect, and that the additional or corrective information has not otherwise been known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). The requirement to supplement is a duty, not a right. *Luke v. Family Care & Urgent Med. Clinics*, 323 Fed.Appx. 496, 500 (9th Cir. 2009).

Critically, "[t]here is no bright line rule that supplementation of disclosures is improper if made after the close of discovery." *Munn v. Hotspur Resorts Nevada, Inc.*, Case No. 2:19-cv-00693-GMN-NJK, 2020 WL 7323345, at *2 (D. Nev. Oct. 20, 2020) (citation omitted). Instead, the Court's inquiry is whether the timing is reasonable based on when the information was available to the party. *Silvagni v. Wal-Mart Stores, Inc.*, 320. F.R.D. 237, 241 (D. Nev. 2017).

*2. Computation of Damages.*

Computations of damages need not "be detailed early in the case before all relevant documents or evidence has been obtained by the plaintiff." *LT Game Int'l Ltd. v. Shuffle Master, Inc.*, Case No. 2:12-cv-01216-GMN, 2013 WL 321659, at *6 (D. Nev. Jan. 28, 2013)). Generally, the initial damages computation is viewed as a preliminary assessment that is subject to revision. *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 222 (N.D. Cal. 2003). However, as a case progresses, a party claiming damages has a duty to diligently obtain the necessary information and provide updated damage computations within the discovery period. *Jackson*, 278 F.R.D. at 593. The Rules provide flexibility in the initial computation and in supplementing the disclosures as the case progresses; however, courts are more likely to exclude damages evidence when a party first discloses its computation of damages shortly before trial or substantially after discovery has closed. *Silvagni*, 320 F.R.D. at 241; *CQ Inc. v. TXU Mining Company, L.P.,* 565 F.3d 268 (5th Cir. 2009); *24/7 Records Inc. v. Sony Music Entertainment, Inc.,* 566 F.Supp.2d 305, 318 (S.D.N.Y.2008).

*3. Non-Retained Experts.*

Federal Rule of Civil Procedure 26(a)(2)(B) and (C) delineate the requirements for retained and non-retained experts. Rule 26(a)(2)(B) plainly states that "[u]nless otherwise stipulated or ordered by the court, ... if the witness is one retained or specially employed to provide expert testimony" the witness must prepare and sign a written report that includes:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). In comparison, if a witness is not specifically retained to provide expert testimony, such as a treating physician, but is still offered by a party to present expert testimony, the witness need not provide a written report, but the party who intends to present the witness must make a disclosure that includes: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). This rule was "added to mandate summary disclosures of the opinions to be offered by the expert ... and ... the facts supporting those opinions." *Flonnes v. Property & Cas. Ins. Co. of Hartford*, Case No. 2:12-cv-01065-APG, 2013 WL 2285224, at *2 (D. Nev. May 22, 2013) (citation and internal quote marks omitted). As explained in *Flonnes*, "a summary is ordinarily understood to be an abstract, abridgement, or compendium." *Id.* at *3 (citation omitted). However, a plaintiff's "boilerplate conclusory description of their anticipated testimony [of a non-retained treating physician expert] is woefully inadequate." *Langermann v. Property & Cas. Ins. Co. of Hartford*, Case No. 2:14-cv-00982-RCJ-PAL, 2015 WL 4724512, at *5 (D. Nev. Aug. 10. 2015).

*4. Sanctions for Failing to Comply with Disclosure Requirements.*

When a party believes its opponent failed to timely comply with the requirements of disclosure, that party may move for sanctions under Fed. R. Civ. P. 37(c). Rule 37 "gives teeth" to the disclosure requirements of Rule 26(e). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The moving party bears the initial burden of establishing that the opposing party failed to comply with the disclosure requirements. *Silvgani*, 320 F.R.D. at 241-242. If the movant satisfies its burden, the Court may exercise its discretion to determine whether the failure to comply with the initial disclosure requirements was either substantially justified or harmless. *Id.*; *see also* Fed. R. Civ. P. 37(c)(1) ("[i]f a party fails to provide information ... as required by 26(a) or (e), the party is not allowed to use that information ... at a trial, unless the failure

was substantially justified or is harmless). The burden to demonstrate substantial justification or harmlessness belongs to the non-moving party. *Id.*

District courts are entrusted with wide latitude when exercising their discretion to impose Rule 37(c) sanctions. *Yeti by Molly, Ltd.*, 259 F.3d at 1106. Courts weigh (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the other parties, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed.Appx. 705, 713 (9th Cir. 2010). When an exclusion sanction is equivalent to dismissing a claim, the court must also consider whether the non-compliance involved willfulness, fault, or bad faith. *R&R Sails, Inc.*, 673 F.3d at 1247. Nonetheless, a finding of willfulness, fault, or bad faith is not required, although it may be a factor in deciding what level of sanctions to impose. *Jackson*, 278 F.R.D. at 594.

Despite the above, well settled law does not require evidence exclusion even if substantial justification or harmlessness is found. *Id.* Rule 37(c) permits the Court to impose other sanctions in addition to or instead of exclusion sanctions including, for example, payment of attorneys' fees and costs or informing the jury of the party's failure. Fed. R. Civ. P. 37(c)(1)(A)-(C). Because exclusion is a harsh sanction, it should be imposed only in rare instances. *Silvgani*, 320 F.R.D. at 243. Ultimately, parties have a duty to work together and cooperate toward the just, speedy, and inexpensive resolution of litigation. *See* Fed. R. Civ. P. 1. The disclosure rules, and motions for sanctions, are not to be viewed as procedural weapons for litigants to gain a tactical advantage. *Silvgani*, 320 F.R.D. at 243. Counsel should seek to work out agreements that will reasonably permit them to respond to evidence and defend claims on the merits rather than resort to motions for exclusion. *Jones v. Wal-Mart Stores, Inc.*, Case No. 15-cv-1454-LDG-GWF, 2016 WL 1248707, at *7 (D. Nev. March 18, 2016).

c. <u>The Court grants Defendant's Motion in Part and Denies it in Part</u>.

*1. Dr. Kabins and Plaintiff's "TBD" Damages.*

Under United States District Court for the District of Nevada Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion ... constitutes a consent to the granting of the motion." The failure to oppose rule applies equally to specific arguments made

in moving papers. *Duensing v. Gilbert*, Case No. 2:11-cv-01747-GMN-VCF, 2013 WL 1316890, at *5 n.3 (D. Nev. Mar. 1, 2013). Plaintiff does not respond to Defendant's arguments seeking to strike Dr. Kabins as a non-retained expert or her failure to provide details for her "TBD" listed "Other Special Damages." ECF No. 18.[2] Thus, Plaintiff does not establish substantial justification or harmlessness arising from these untimely disclosures. The Court finds Plaintiff is properly precluded from presenting evidence of lost wages, future lost earning capacity, some future medical treatment,[3] loss of household services, vocational rehabilitation, and property damage at trial all listed under "TBD" with nothing more. Regarding Dr. Kabins, the Court adopts the same sanction as those issued in *Hansen v. Albertsons Companies, LLC*, Case No. 2:19-cv-02050-JAD-EJY, 2020 WL 8261754, at *4 (D. Nev. Dec. 29, 2020). Dr. Kabins is precluded from testifying as to the cause of Plaintiff's injuries, her prognosis, or that her medical bills are usual and customary. However, Dr. Kabins may testify as a percipient (or fact) witness with respect to his examination, treatment, and diagnoses of Plaintiff. *Id*.

2. *Untimely Disclosed Medical Records.*

Defendant argues the Court should strike medical records and bills from Dr. DiMuro, Dr. Kabins, and Waldron because of their untimely disclosure. ECF No. 14 at 6, 9-10. Although there is no dispute that Plaintiff supplemented her Initial Disclosures after the close of discovery, this does not alone lead to a finding that these disclosures should be stricken. *Munn*, 2020 WL 7323345, at *2 (citation omitted). Instead, the Court focuses on whether the timing of the disclosures was reasonable. *Id*. Plaintiff highlights that she received medical records from Las Vegas Neurosurgery (Dr. Kabins) on February 24, 2026, DiMuro Professional Services (Dr. DiMuro) on February 27, 2026, and the Neck and Back Clinics (Waldron) on March 3, 2026. ECF No. 18 at 2. Thus, Plaintiff supplemented her disclosures, at most, two weeks after receipt of these records. In Reply, Defendant

---

[2] Indeed, Plaintiff failed to fulfill her Fed. R. Civ. P. 26 obligations. Plaintiff's Supplemental Disclosures states Dr. Kabins is expected to testify as a non-retained expert to "all facts and opinions in the said medical record," ECF No. 14-2 at 10, but this "boilerplate conclusory description" is simply inadequate. *Langermann*, 2015 WL 4724512, at *5. Likewise, well established law demonstrates that listing damages as "TBD" is not enough to meet the requirements of Rule 26. *Longi v. Magnum*, Case No. 2:18-cv-00811-JAD-VCF, 2019 WL 13211552, at *2 (D. Nev. Apr. 29, 2019) (holding that Plaintiff's listed damages, including damages listed as "TBD" did not comply with Rule 26).

[3] To be clear, the Court's discussion of "future medical treatment" is limited to that listed, under Special Damages, and quantified as "TBD." The Court does not strike the Future Medicals quantified as $185,280.00 based upon the treatment listed at page 5 of Plaintiff's First Supplemental Disclosures. ECF No. 14-2 at 5.

counters that because Plaintiff was receiving continuing treatment she was obligated to supplement her disclosures more frequently, rather than supplementing all medical records after the close of discovery. ECF No. 24 at 1-2. This portion of Defendant's argument is without citation to supporting authority.

With respect to the records provided by Dr. Kabins, the Court finds they were timely produced. Plaintiff received treatment from this health care provider on January 30, 2026. ECF No. 18 at 2. The Court finds the disclosure of this visit, and the accompanying records on March 10 to be within the bounds of reasonableness. *See e.g. Iguarta v. Mid-Century Ins. Co.*, Case No. 2:16-cv-00849-JAD-CWH, 2017 WL 1013869, at *4 (D. Nev. Mar. 14, 2017) (finding that supplementation was timely where the records were received within two months of supplementation).

Defendant separately argues that some of Plaintiff's treatment records from Dr. DiMuro and Waldron date back to May and June of 2025—at least two months before Plaintiff's Initial Disclosures and eight months before her Supplemental Disclosures were served. *See* ECF No. 14 at 6-7. Plaintiff does not explain why these records were not provided much earlier saying only that she did not receive these documents until late February and early March of this year after which she promptly produced them. ECF No. 18 at 1-2. Plaintiff's silence as to her efforts to obtain records leads the Court to find her failure to timely produce them is without substantial justification.

Nonetheless, exclusion of these records would be too harsh a sanction given the scope of what was disclosed and given these providers were known to Defendant and presumably could have been deposed regarding the scope of their treatment during the discovery period. Moreover, the Court recognizes that obtaining records from a doctor's office can be a time consuming process, which is why parties commonly stipulate to extend expert and other discovery deadlines. Further, the prejudice Defendant claims was curable through timely and cooperative communication between the parties. *Silvagni*, 320 F.R.D. at 245 n.7 ("courts are generally unimpressed by tenuous assertions of prejudice when any harm could have been minimized through the movant's prompt action in either obtaining a stipulation with opposing counsel or moving the Court for relief.").

While the Court does not dismiss Defendant's position that the late disclosures caused prejudice because the information was not available for its rebuttal expert report (ECF No. 14 at 8, 10), again, this prejudice is curable. The parties could have agreed to, and the Court orders here, a limited reopening of discovery allowing Defendant to supplement its rebuttal report. As set forth below, the Court reopens discovery for the limited purpose of allowing Defendant to produce a supplemental rebuttal expert report. Defendant may retain an expert (whether new or existing) and produce the supplemental report no later than 30 days after the date of this Order. If a supplemental report is produced, Plaintiff is given leave to depose the rebuttal expert; provided, however, she must pay the cost of the expert's time for appearing at deposition. If a reasonable extension of deadlines is needed, the parties are required to come to an agreement and present a stipulation.

If Defendant believes it is prudent and appropriate, it may withdraw its pending Motion for Summary Judgment (ECF No. 13) in anticipation of refiling the document supplemented by the rebuttal expert report. If Defendant withdraws its Motion for Summary Judgment, the due date for the renewed motion for summary judgment is due (1) 30 days after Plaintiff takes the deposition of Defendant's expert that produces the supplemental report, or (2) 60 days after the date of this Order, whichever is later. The deadline for Plaintiff's Response and Defendant's Reply will follow as established by United States District Court Local Rule 7-2(b).

In sum, the Court grants Defendant's Motion to Strike with respect to all damages listed "TBD" in her Supplemental Disclosures. ECF No. 14-2 at 14. The Court also strikes the designation of Dr. Kabins as a non-retained expert. Dr. Kabins may testify as a percipient witness. With respect to the medical records produced in Plaintiff's Supplemental Disclosure, the Court finds that any prejudice to Defendant can be cured by a limited reopening of discovery.[4]

---

[4] The Court understands Defendant is seeking to strike Plaintiff's Future Medical Expenses quantified as $185,280.00 in part because of their alleged inconsistency with Dr. DiMuro's expert report. The Court finds Defendant's argument misapprehends the report. Defendant quotes a paragraph from Dr. DiMuro regarding Plaintiff's future need for medical care. That paragraph discusses Plaintiff's treatment plan to "proceed with/schedule lumbar/sacral facet joint RFA (in the medical context, meaning radiofrequency ablation)" and previously recommended FJIs (meaning in the medical context, facet joint injections). Those are precisely the medical procedures listed as Future Medicals on page 5 of Plaintiff's Supplemental Disclosures. Thus, the Court finds no inconsistency between Dr. DiMuro's expert report and the listed future medicals based upon what has been presented to the Court, and certainly not "discovery by ambush" as Defendant contends. ECF No. 14 at 8.

**II. Motion to Withdraw**

a. Background.

On January 9, 2026 Defendant served Plaintiff through first class mail with its first set of Request for Admissions ("RFAs"). *See* ECF No. 13-2 at 3. Plaintiff submits, through affidavit, that counsel missed the RFA response deadline based on a clerical error. ECF No. 21 at 2. Plaintiff contends she only discovered the mistake when reviewing Defendant's Motion for Summary Judgment (ECF No. 13), which relies in part on the deemed RFA admissions. Plaintiff says she filed the pending motion the same day she discovered the error. ECF No. 21 at 3.

b. Legal Standard.

Under Fed. R. Civ. P. 36(a) matters are deemed admitted "unless, within 30 days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Fed. R. Civ. P. 36(a). In turn, Rule 36(b) provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Fed. R. Civ. P. 36(b). The Court may, in an exercise of its discretion, grant relief from a deemed admission where "(1) the presentation of the merits of the action will be subserved, and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Conlon v. U.S.*, 474 F.3d 616, 621 (9th Cir. 2007) (citations omitted).

With respect to the first element, "Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Id*. (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir.1995)). Even when the deemed admissions are "not necessarily case-dispositive, district courts have found a sufficient showing is made when admissions go to core issues that would in large part resolve the case." *Martinez v. Smith's Food & Drug Ctr., Inc.*, Case No. 2:21-CV-01199-GMN-NJK, 2022 WL 2160983, at *4 (D. Nev. June 15, 2022) (collecting cases). As to the second element, "[t]he prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth." *Conlon*, 474 F.3d at 622 (quoting *Hadley*, 45 F.3d at 1348). "Rather, it relates to the difficulty a party may

face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id*. In addition, courts may consider other factors outside of the Rule 36(b) analysis including whether the party seeking relief can demonstrate good cause. *Arias v. Robinson*, Case No. 2:21-cv-00644-GMN-DJA, 2022 WL 36915, at *4 (D. Nev. Jan. 4, 2022).

c. The Court Grants Plaintiff's Motion to Withdraw.

At the outset, the Court notes that Defendant argues at length that the contents of the RFAs (erroneously referred to as "Requests for Production" in the title) were substantively proper—an issue that is not disputed or raised by Plaintiff's Motion. ECF No. 27 at 2-4. Nor is it an element of the test courts evaluate under Fed. R. Civ. P. 36(b) ("the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.").

Turning to that test, the Court finds withdrawal of the deemed admissions will assist with the resolution of this case on the merits. Defendant argues that because the RFAs are not dispositive of every single cause of action alleged in Plaintiff's Complaint, the first element cannot be met. ECF No. 27 at 4. Defendant's argument is unpersuasive. The first prong does not require the RFAs to be dispositive of every issue in a case. *Raterman-Doidge v. City of Fresno*, Case No. 1:24-CV-00654-JLT-SKO, 2025 WL 1307909, at *3 (E.D. Cal. May 6, 2025). At least one other court has found that the argument, at a minimum, "stretches the reasoning of *Conlon*." *Dekker v. Vivint Solar, Inc.*, Case No. C 19-07918 WHA, 2022 WL 2834292, at *2 (N.D. Cal. July 20, 2022). Given the admissions go to a core issue and thus implicate Plaintiff's ability to prove her bad faith claims, the first element is satisfied. *Martinez*, 2022 WL 2160983, at **4-5.

Second, Defendant has not demonstrated that it will be prejudiced if Plaintiff's admissions are deemed withdrawn based on the argument that discovery is closed. ECF No. 27 at 4. In fact, the only specific argument made by Defendant addresses Request No. 3—whether Plaintiff filed a complaint with the Nevada Department of Insurance. *Id*., *see* ECF No. 13-2 at 2. Defendant says that, given the close of discovery, it will no longer be able to subpoena the agency to determine whether Plaintiff filed a complaint. ECF No. 27 at 4. Defendant's argument fails to persuade for

two reasons: (1) this could be easily cured through an order of the Court permitting such subpoena to be served; and (2) there is no need for a subpoena because, as Plaintiff points out, she admits no administrative complaint was filed. ECF No. 31 at 3; ECF No. 29 at 4. Thus, it is unclear what new information Defendant would be seeking through a subpoena.

Lastly, the Court notes that the other discretionary factors favor granting the Motion to Withdraw. As stated in Plaintiff's Motion and attached affidavit, this situation arose from a clerical error—an inadvertent mistake. While not necessarily good cause, the Court finds such circumstances warrant granting the motion. *See Arias*, 2022 WL 36915 at *4 ("[The movant's] error is clearly an inadvertent clerical error on which [the opposing party] should not be able to benefit and base his entire case. To do so would violate the truth-seeking goal of Rule 36."); *Raterman-Doidge*, 2025 WL 1307909 at *4 (collecting cases). In addition, the Court is already reopening discovery to address limited portions of the Motion to Strike.

Based on the foregoing, Plaintiff is granted leave to serve her proposed RFA answers, filed at ECF No. 29.[5] Defendant may choose to re-depose Plaintiff regarding the subject matter of the RFAs. The deposition must take place within 30 days of the Court's Order. If taken, Plaintiff must pay for one copy of the transcript for Defendant's use.

**III. Order**

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Strike Plaintiff's First Supplemental Disclosure (ECF No. 14) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant's Motion to Strike is GRANTED to the extent Plaintiff is precluded from presenting evidence supporting or relating to "TBD" damages for alleged lost wages, future lost earning capacity, future medical treatment, loss of household services, vocational rehabilitation, and property damage. Nothing in this Order precludes Plaintiff from presenting evidence regarding her "Future Medicals" of $185,280.00 as stated at ECF No. 14-2 at 5.

IT IS FURTHER ORDRED that Dr. Kabins is stricken as a non-retained expert. He may testify as a treating physician at trial.

[5] The Court has reviewed Plaintiff's RFA responses and finds them to be sufficient to the extent Plaintiff states an objection and provides an answer.

IT IS FURTHER ORDERED that Defendant's Motion to Strike is DENIED to the extent it sought to strike Plaintiff's medical records received from Dr. Kabins through the Las Vegas Neurosurgery Orthopedics and Rehab on February 24, 2026.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Serve Responses to Defendant's First Set of Requests for Admissions Out of Time and to Withdraw Deemed Admissions (ECF No. 21) is GRANTED.

IT IS FURTHER ORDERED that discovery is reopened for the following limited purposes:

- Defendant to produce a supplemental expert report compliant with Federal Rule of Civil Procedure 26(a)(2)(B). The report must be disclosed no later than 30 days after the date of this Order.
- Plaintiff may depose the rebuttal expert within 30 days of the date the report is produced. Plaintiff must pay the expert's fee for appearing at deposition.
- Defendant may, if it so chooses, re-depose Plaintiff solely as it relates to subject matters covered in the RFAs. The Deposition must take place no later than 30 days after the Court's Order.

IT IS FURTHER ORDERED that Defendant may withdraw its pending Motion for Summary Judgment (ECF No. 13). If Defendant decides to do so, the deadline for its renewed motion for summary judgment will be due on the latter of: (1) 30 days after Plaintiff takes the deposition of Defendant's expert who produces a supplemental expert report; or (2) 60 days after the date of this Order (allowing time for Plaintiff's deposition at Defendant's choosing and consideration of the supplemental expert report).

IT IS FURTHER ORDERED that no discovery other than that expressly permitted by this Order may be conducted.

IT IS FURTHER ORDERED that if the parties need a reasonable extension of the above deadlines, they must come to an agreement and submit a stipulation to the Court.

Dated this 21st day of September 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE